# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC d/b/a CORBIN FISHER,<br><br>                            Plaintiff,<br><br>    vs.<br><br>PORNILOVE.NET, "COREY," and JOHN DOES 2-1000,<br><br>                            Defendant. | CASE NO. 10cv1810-JLS (WMc)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR IMMEDIATE DISCOVERY |

On August 31, 2010, Plaintiff filed a complaint alleging violations for copyright infringement. (Doc. No. 1). On October 27, 2010, Plaintiff submitted a motion seeking permission to take early discovery for the limited purpose of facilitating service of process. (Doc. No. 3). Plaintiff's request for an order is sought for the purpose of ascertaining the identities of certain "Doe" defendants. Specifically, Plaintiff seeks to subpoena Comcast Cable (in its capacity as an Internet Service Provider) to determine the names and addresses of certain subscribers connected to certain IP addresses that have been linked to infringements of Plaintiff's copyrighted works.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). These requests are allowed

1 upon a showing of good cause. *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275-76
2 (N.D. Cal. 2002). Within the internet context, Courts have recognized "[s]ervice of process can
3 pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely on-
4 line." *Seescandy.com* 185 F.R.D. at 577.

5     A three-factor test has been developed for instances where courts are considering motions
6 requesting early discovery to assist in the identification of certain defendants. *Seescandy.com*, 185
7 F.R.D. at 578-80. **Factor 1**: The moving party should be able to identify "the missing party with
8 sufficient specificity such that the Court can determine that defendant is a real person or entity
9 who could be sued in federal court." *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co.*
10 *v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). Here, given the facts shown,
11 Plaintiff has identified the missing party(s) with as much clarity as possible. Plaintiff has stated
12 that these missing "Does" are persons or entities and that these person/entities have been
13 "observed and documented" as infringing on its copyrighted works. (Pl's Mtn. at ¶ 9). Thus, as
14 real persons/entities, these Does can be sued in federal court.

15     **Factor 2**: The moving party should be able to identify "all previous steps taken to locate
16 the elusive defendant." *Seescandy.com* 185 F.R.D. at 578 (citing *Plant v. Doe*, 19 F.Supp. 2d 1316,
17 1320 (S.D. Fl. 1998)). Here, Plaintiff previously issued subpoenas directed at Google requesting
18 all relevant information pertaining to Pornilove's Google-supported blog. (Pl.'s Mtn. at ¶ 3).
19 Based on a search utilizing the information received from Google, Plaintiff discovered that
20 Comcast Cable is the relevant Internet Service Provideer for the two IP addresses linked to the
21 copyright infringement. (Id. at ¶9). Because these are online transactions, occurring solely over
22 the Internet, Plaintiff is not aware of any other practical way to identify the Doe Defendants–the
23 infringing users–other than through an order mandating the production of the information by the
24 Internet Service Provider. (Id. at ¶ 10). In other words, these Does have proven to be elusive and
25 Plaintiff knows of no other avenue available to access this information except through Comcast.

26     **Factor 3**: The moving party should be able to "establish to the Court's satisfaction that
27 [its] suit against defendant could withstand a motion to dismiss." *Seescandy.com*, 185 F.R.D. at
28 578 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, Plaintiff, has alleged a

1  *prima facie* claim of copyright infringement.  17 U.S.C. § 106(1)(3); (Compl. at ¶¶ 14-17).
2  Specifically, Plaintiff claimed: (1) it owns and has registered the copyrighted works at issue in this
3  case; (2) the Defendants reproduced and distributed those works without authorization; and (3)
4  Plaintiff was damaged by Defendants' actions.  Accordingly, since Plaintiff has alleged all the
5  elements of copyright infringement in the complaint, its suit against Defendant could withstand a
6  motion to dismiss.

7  Thus, Plaintiff has adequately satisfied the three-factor test.  Furthermore, the scope of this
8  order has been sufficiently tailored to achieve the reasonable and necessary purpose of identifying
9  already known alleged offenders.  In sum, the Court finds good cause to grant Plaintiff the relief it
10 seeks.

11 The Internet Service Provider shall have seven (7) days after service of the subpoenas to
12 notify the subscriber/s their identity has been subpoenaed by Plaintiff.  Each subscriber whose
13 identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such
14 notice to file a responsive pleading.

15 IT IS SO ORDERED.

16 DATED:  January 19, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court