# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC d/b/a CORBIN FISHER,<br><br>                              Plaintiff,<br>   vs.<br><br>PORNILOVE.NET, "COREY," ANWAR OGISTE, and JOHN DOES 3-1000,<br><br>                              Defendant. | CASE NO. 10cv1810-JLS (WMc)<br><br>ORDER GRANTING PLAINTIFF'S SECOND REQUEST FOR IMMEDIATE DISCOVERY<br>(Doc. No. 11) |

## I. INTRODUCTION

On August 31, 2010, Plaintiff filed a complaint alleging violations for copyright infringement. (Doc. No. 1). On October 27, 2010, Plaintiff submitted a motion seeking permission to take early discovery for the limited purpose of ascertaining the identities of certain "Doe" defendants so as to facilitate service of process. (Doc. No. 3). More specifically, Plaintiff sought to subpoena Comcast Cable (in its capacity as an Internet Service Provider) to determine the names and addresses of certain subscribers connected to certain IP addresses that have been linked to infringements of Plaintiff's copyrighted works. (Doc. No. 3). On January 19, 2011, the court issued an order granting Plaintiff's motion. (Doc. No. 12).

In the period of time between Plaintiff's first motion for early discovery and the court's order granting the motion, Plaintiff filed a similar motion seeking additional early discovery. (Doc. No. 11). In this second motion for early discovery, Plaintiff seeks to subpoena three

1 separate Internet Service Providers - Atlantic Broadband, Comcast Cable, and T-Mobile - to
2 determine the names and addresses connected to four recently discovered IP addresses that have
3 also been linked to infringements.  (Doc. No. 11).
4    The issue before the court today is whether Plaintiff's motion seeking to subpoena these
5 three Internet Service Providers linked to these four infringing IP addresses should be granted.

## II.  DISCUSSION

7    "As a general rule, discovery proceedings take place only after the defendant has been
8 served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue
9 after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit
10 service of the defendant."  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal.
11 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  These requests are allowed
12 upon a showing of good cause.  *Semitool, Inc. v. Tokyo Elec. Am., Inc*., 208 F.R.D. 273, 275-76
13 (N.D. Cal. 2002).  Within the internet context, Courts have recognized "[s]ervice of process can
14 pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely on-
15 line."  *Seescandy.com*, 185 F.R.D. at 577.

16    A three-factor test has been developed for instances where courts are considering motions
17 requesting early discovery to assist in the identification of certain defendants.  *Seescandy.com*, 185
18 F.R.D. at 578-80.  **Factor 1**: The moving party should be able to identify "the missing party with
19 sufficient specificity such that the Court can determine that defendant is a real person or entity
20 who could be sued in federal court."  *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co.
21 v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)).  Here, given the facts
22 known, Plaintiff has identified the missing party(s) with as much clarity as possible.  Plaintiff has
23 stated that these missing "Does" are persons or entities and that these persons/entities have been
24 specifically "observed and documented" as infringing on its copyrighted works. (Pl's Mtn. at ¶
25 11).  Thus, as real persons/entities, these Does can be sued in federal court.

26    **Factor 2**: The moving party should be able to identify "all previous steps taken to locate
27 the elusive defendant."  *Seescandy.com*, 185 F.R.D. at 578 (citing *Plant v. Doe*, 19 F. Supp. 2d
28 1316, 1320 (S.D. Fl. 1998)).  Here, Plaintiff previously issued subpoenas directed at Yahoo!

1  requesting all relevant information pertaining to Pornilove's Yahoo! Groups. (Pl's Mtn. at ¶ 5).
2  Yahoo!'s response included four specific IP addresses. (Pl's Mtn. at ¶ 5). Utilizing the
3  information received from Yahoo!, Plaintiff's research revealed the relevant Internet Service
4  Providers for these four addresses are Comcast Cable (for two of them), Atlantic Broadband, and
5  T-Mobile. (Pl's Mtn. at ¶ 5). Because these are purely online transactions occurring solely over
6  the Internet, Plaintiff is not aware of any other practical way to identify the Doe Defendants-the
7  infringing users-other than through an order mandating the production of the information by the
8  Internet Service Providers. (Pl's Mtn. at ¶ 12). In other words, these Does have proven to be
9  elusive and Plaintiff knows of no other avenue available to access this information except through
10 Comcast Cable, Atlantic Broadband, and T-Mobile.

11 **Factor 3**: The moving party should be able to "establish to the Court's satisfaction that
12 [its] suit against defendant could withstand a motion to dismiss." *Seescandy.com*, 185 F.R.D. at
13 578 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, Plaintiff has alleged a
14 *prima facie* claim of copyright infringement. 17 U.S.C. § 106(1)(3); (Compl. at ¶¶ 14-17).
15 Specifically, Plaintiff claimed: (1) it owns and has registered the copyrighted works at issue in this
16 case; (2) the Defendants reproduced and distributed those works without authorization; and (3)
17 Plaintiff was damaged by Defendants' actions. Accordingly, since Plaintiff has alleged all the
18 elements of copyright infringement in the complaint, its suit could withstand a motion to dismiss.

19 Thus, like its first motion for early discovery, Plaintiff has again adequately satisfied the
20 three-factor test. Furthermore, the scope of this order has been sufficiently tailored to achieve the
21 reasonable and necessary purpose of identifying already known alleged offenders - the four IP
22 addresses discovered through Plaintiff's subpoena directed at Yahoo!. As such, the Court finds
23 good cause to grant Plaintiff the relief it seeks.

24 ### III. LIMITATIONS

25 To the extent Plaintiff moves the Court to issue an order impacting not only Comcast
26 Cable, Atlantic Broadband, and T-Mobile, but also "any other relevant service providers [Plaintiff]
27 later identifies," the Court refuses to grant this type of open-ended order. (Pl's Mtn. at ¶ 22).
28 Rather, the Court will only execute such orders after being presented with, and individually

reviewing under the three-factor test, motions supported by specifically articulated facts.  Thus, to the extent it is being requested, the Court refuses to grant Plaintiff any type of open-ended order or decree with respect to early discovery of unnamed Internet Service Providers or unspecified IP addresses.

The three Internet Service Providers shall have seven (7) days after service of the subpoenas to notify the subscriber(s) their identity(s) has been subpoenaed by Plaintiff.  Each subscriber whose identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such notice to file a responsive pleading.

**IT IS SO ORDERED**.

DATED:  February 1, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court