Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Ave., Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Trial Counsel for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFONRIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC d/b/a CORBIN FISHER<br><br>Plaintiff,<br><br>vs.<br><br>PORNILOVE.NET, "COREY," ANWAR OGISTE, and JOHN DOES 3-1000<br><br>Defendants | Case No. 10-CV-1810-JLS-WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD MOTION FOR ORDER ALLOWING PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Plaintiff Liberty Media Holdings (Liberty) seeks the identities of Pornilove.net, "Corey," and other John Doe defendants. On February 1, 2011, the Court issued an Order granting Plaintiff's second request for early discovery wherein Atlantic Broadband was ordered to produce certain documentation sufficient to identify the user of the IP address 207.244.175.200 on October 14, 2010. See Exhibit 1. Atlantic Broad Band complied and produced the identity of Jennifer Arias-Marquez, as well as her current address. Plaintiff's attorney found her telephone number, and on February 10, 2011, called the phone number and asked for "Corey." See Declaration of Marc Randazza. The man who answered the telephone said Corey was not available but that he would return soon. See Declaration of Marc Randazza. The man was asked how to spell Corey's last name, and he said "Debarros." See Declaration of Marc Randazza. Therefore, a "Corey Debarros" may be residing at this address as well. As such, Plaintiff seeks to depose both Jennifer Arias-Marquez and Corey Debarros in order to determine whether or not

they are involved with the Pornilove scheme before amending the complaint to name them as defendants in this action

## INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiff Liberty is a California LLC doing business as Corbin Fisher ®.  Liberty produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which individuals who pay a monthly subscription fee can view its photographic and audiovisual works.

2. Defendants, including "Corey" and other John Doe defendants, operated a number of blogs and Yahoo! Groups which they used to illegally publish and distribute copyrighted material.  A majority of these blogs operated on the Blogger platform, which is owned and operated by Google, while the Yahoo! Groups were operated by Yahoo!.  Accordingly Plaintiff issued subpoenas to both entities.

3. Defendants "Corey" and DOES 3-1000 are individuals whose true names and addresses are unknown to Plaintiff.  These Defendants operated the Pornilove piracy enterprise, and Plaintiff is now seeking their true identities.

4. On or about August 31, 2010, attorney for Plaintiff issued a subpoena pursuant to the DMCA directed at Google requesting all relevant information pertaining to the Pornilove blogs, including IP addresses used by the operators.  Included in Google's responsive documents were the IP addresses 76.118.90.167 and 98.254.227.216.  Research reveals that Comcast Cable is the relevant ISP for these two addresses.

5. On or about November 22, 2010, attorney for Plaintiff issued a subpoena pursuant to the DMCA directed at Yahoo! requesting all relevant information pertaining to the Pornilove Yahoo! Groups used by the Pornilove operators.  Included in Yahoo!'s responsive documents were the IP addresses 98.254.227.216, 98.203.91.156, 207.244.175.200, and 208.54.85.59.  Research reveals that Comcast Cable is the relevant ISP for the first two IP addresses, and Atlantic Broadband and T-Mobile are the ISPs for the last two IP addresses, respectively.

6. As the 98.254.227.216 IP address was included in both Google's and Yahoo!'s responsive documents, it is most clear that this IP address identifies a proper defendant.

However, given the volatile nature of electronic evidence, it is imperative that Plaintiff identify this individual, as well as the other IP address users, immediately.

7. Plaintiff now seeks to depose individuals it has been made aware of from the subpoena response of Atlantic Broadband in order to determine if either one is a responsible party and thus a proper defendant in this action.

8. Accordingly, the Plaintiff requests that the Court issue the requisite Order for Early Discovery.

## ARGUMENT

Federal Rules Allow for Early Discovery

9. Federal Rules allow for discovery prior to a Rule 26 conference upon a showing of good cause. See *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

10. More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Id. at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

11. First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by the individuals identified as DOES in the Complaint. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts.

12. Second, there are no other practical measures Plaintiff could take to identify the DOE Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by their Internet Service Providers. Due to the nature

of on-line transactions, Plaintiff has no way of determining Defendants' identities except through a third-party subpoena.

13. Third, Plaintiff has asserted a prima facie claim for copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement. 17 U.S.C. §§ 101, et seq.

14. When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

Explanation of Specific Requests

15. In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. See *Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

16. The infringement and other wrongful acts at issue in this action occurred through the online piracy enterprise operated by the defendants. In order to execute these illegal acts, a user must connect to the Internet.

17. Individuals gain access to the Internet through an Internet service provider (ISP). When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office. Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone number. The IP address for a subscriber may stay the same (a static IP address) or

it may change from time to time (a dynamic IP address). ISPs generally record the times and dates it assigns each IP address to a subscriber.

18. Online technology used to engage in unlawful online theft relies on the ability to identify the computers to and from which users search and exchange files. The technology identifies those computers through the IP address from which the computer connects to the Internet. In this manner, Plaintiff identified the IP addresses from which individuals connected to the Internet for the purpose of operating the Pornilove network using Google's Blogger platform, the corresponding Gmail accounts, and the Yahoo! Groups operated by the Pornilove owners and operators. Google and Yahoo! recorded the exact dates and times individuals used various IP addresses to access the Internet to operate their illegal enterprise, and this information was produced to Plaintiff by Google and Yahoo! in response to Plaintiff's subpoenas.

19. Anyone can perform a simple search on public databases to determine which Internet Service Provider controls a specific IP address. In this way, Plaintiff identified the relevant ISPs, and has obtained certain discovery from Atlantic Broadband which led to identifying two potential defendants to this action.

20. Plaintiff requests that the Court issue an order allowing Plaintiff to depose these potential defendants in order to determine what, if any, role they played in the Pornilove scheme.

## CONCLUSION

21. The Plaintiff requests that the Court issue the requisite Order allowing early discovery in the form of the depositions of Jennifer Arias-Marquez and Corey Debarros and subpoenas to propound written discovery from the parties.

22. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

Dated: February 11, 2011                        Respectfully Submitted,

                                                s/ Marc Randazza
                                                Marc J. Randazza, SBN 269535
                                                Randazza Legal Group
                                                3969 Fourth Ave., Suite 204
                                                San Diego, CA 92103
                                                888-667-1113
                                                305-437-7662 (fax)
                                                MJR@randazza.com